

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. George W. Cox
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-4846
Re: Under facts submitted has
a legal Sanitary District
been established in
Victoria County?

     Your letter of recent date has been received by this department, submitting the following:

     "Under date of September 8, 1942, Mr. F. C. Proctor, Jr., Assistant County Attorney of Victoria County, Texas, wrote us as follows:

     "'On the 10th day of August, 1942, the Commissioner's Court of Victoria County, Texas, created a Sanitary District under the provisions of Article 4435 of Vernon's Annotated Statutes of Texas. The doctors who were appointed to constitute the Board of said Sanitary District have now drawn up certain sanitary rules and regulations to cover said district. They have asked for an opinion from my office as to whether or not they have the power to enforce these regulations, particularly those in which they provide for certain fees and licenses to be charged persons engaged in certain businesses within the limits of the District.

     "'Article 4435 empowers the Commissioner's Court of any county to designate the lines of any unincorporated town or village therein situated and to appoint a Board of Health for it. The District created by the Commissioner's Court of Victoria County does not include any unincorporated town or village but covers an area of two and one-half miles wide on each side of U. S. Highway No. 59, 87, and 77. Inasmuch as the Statute

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Dr. George W. Cox, page 2

specifically states that the Health District so, created, shall be within the designated lines of an unincorporated town or village there is a great doubt in my mind as to the power of the Commissioner's Court to create a Sanitary District within an area wherein no unincorporated town or village is situated.

"'It occurred to me that perhaps your office had received a ruling from the Attorney General as to the Limits of the powers which the Commissioner's Court is given under the article.

"'I would appreciate it very much if you will give me the benefit of any information which you might have on this matter.'"

We note that you then transmit to us a copy of the order of the Commissioners Court of Victoria County creating the sanitary district mentioned in the above quoted letter and ask our advice as to whether a legal sanitary district has been established and now exists in the area described by the order.

We quote that portion of the order, as submitted to us, as follows:

"Providing for creation of a sanitary district according to Article 4435 (2248-49) (Acts 1889, p. 139; Acts 1st S.C. 1901, p. 29) in certain areas of Victoria County; providing for appointment of a health board; authorizing it to promulgate rules and regulations for functioning; setting forth the boundaries for said area; and declaring an emergency."

Article 4435 of the Civil Statute of the State of Texas is as follows:

"The commissioners court of any county in which an unincorporated town or village may be situated, shall have power to designate the lines of such town or village, and may appoint a board of health for it, consisting of three persons, two or more of whom shall be regular practicing physicians. Said court when such appointments are made shall at once

notify the State Health Officer. Said board shall elect one of their members as presiding officer; and such presiding officer, if the premises of any citizen residing within the prescribed limits of said town or village are in an unclean or unhealthy condition, shall notify him of the fact, and that he must proceed at once to clean the same. Acts 1889, p. 139; Acts 1st C. S. 1901, p. 29."

We think it clear that the above article 4435 does not authorize the Commissioners Court to create a sanitary district outside an unincorporated town or village. As stated in your letter, the district created by the Commissioners Court covers an area two and one-half miles wide on each side of U. S. Highways Nos. 59, 87 and 77.

In this State a Commissioners Court is a court of limited jurisdiction and has no powers or duties except as clearly defined in the Constitution and Statutes. 11 Tex. Jur., p. 563, Commissioners Court vs. Wallace, 15 S. W. (2nd) 535, Citing Constitution, Article 5, Sec. 18: Baldwin vs. Travis County, 40 Tex. Civ. App., 199, 88 S. W. 480.

It is our opinion that the Commissioners Court of Victoria County acted without authority in creating the sanitary district herein attempted to be created and that a legal sanitary district has not been established in Victoria County, under the facts herein submitted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*
　　　　Fred C. Chandler
　　　　　　　Assistant

FCC:JP

APPROVED SEP 29, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS